IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:12-CV-11-FL

| | |
|---|---|
| CYNTHIA FARROW, ) | |
| ) | |
| Plaintiff/Claimant, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on Defendant's motion to dismiss [DE-11] the complaint of Plaintiff Cynthia Farrow ("Plaintiff") for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff has responded to Defendant's motion [DE-14] and the time for further briefing has expired. Accordingly, the motion is ripe for ruling. For the reasons set forth below, this court recommends Defendant's motion be ALLOWED.

## I. PROCEDURAL AND FACTUAL HISTORY

Plaintiff protectively filed an application for a period of disability, Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") payments on January 23, 2009, alleging disability beginning October 1, 2007. [DE-13.1 at 8]. Her claim was denied initially and upon reconsideration. *Id.* A video hearing before the ALJ was held on February 2, 2011, at which Plaintiff was represented by counsel and a vocational expert ("VE") appeared and testified. *Id.* On February 16, 2011, the ALJ issued a decision denying Plaintiff's request for benefits. *Id.* at 16. One hundred and twenty-one days later, on June 17, 2011, the Appeals Council received a request for

1

review of the ALJ decision via cover letter dated June 14, 2011. *Id.* at 19. On September 13, 2011, the Appeals Council requested a statement explaining the reasons why the request for review was not filed within 60 days of the ALJ decision. *Id.* at 21. Plaintiff's representative responded by letter dated September 22, 2011, explaining that Plaintiff's request for review was untimely because information had been misfiled. *Id.* at 24. In particular, when Plaintiff originally retained her counsel, her name was "Cynthia Mays." According to Plaintiff, her counsel had another client named "Cynthia Mayo" at the time and the ALJ's decision in Plaintiff's case was inadvertently placed into Ms. Mayo's file rather than Plaintiff's. [DE 13.1 at 24]; Pl.'s Resp. [DE-14 at 2]. The Appeals Council found that Plaintiff's explanation for missing the appeal deadline did not comply with the good cause requirements found in 20 C.F.R. §§ 404.911, 416. 1411, 404.968(b), and 416.1468(b). [DE-13.1 at 26]. Therefore, the Appeals Council found that there was no good cause to extend the time for filing an appeal of the ALJ's decision, and on December 6, 2011, the Appeals Council dismissed the plaintiff's request for review. *Id.* at 26-27.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) provides for the dismissal of an action if the court lacks subject matter jurisdiction. When a defendant moves to dismiss on grounds of lack of subject matter jurisdiction, the burden of proving subject matter jurisdiction rests with the plaintiff. *Richmond, Fredericksburg & Potomac R. Co. (Richmond) v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A party may attack the subject matter jurisdiction of the court on the grounds that the complaint fails to allege facts upon which subject matter jurisdiction can be based, or on the grounds that the jurisdictional facts alleged in the complaint are untrue. *United States v. North Carolina*, 180 F.3d 574, 580 (4th Cir. 1999); *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). A district court

should allow a Rule 12(b)(1) motion to dismiss only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999). "In determining whether jurisdiction exists, the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 768 (citing *Adams*, 697 F.2d at 1219).

### III. ANALYSIS

Defendant has moved to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) on the basis that Plaintiff has failed to exhaust her administrative remedies in accordance with 42 U.S.C. § 405(g), the statute governing the social security benefits appeal process. This court agrees.

In order for this court to exercise jurisdiction over a decision of the Commissioner, that decision must be considered the Commissioner's "final decision." *See* 42 U.S.C. § 405(g)[1] ("Any individual, after any *final decision* of the Commissioner . . . made after a hearing . . . may obtain a review of such decision by a civil action . . . .") (emphasis added); *see also Mathews v. Eldridge*, 424 U.S. 319, 327 (1976) (explaining "the only avenue for judicial review [of the denial of social security benefits] is 42 U.S.C. § 405(g), which requires exhaustion of the administrative remedies

---

[1] Section 405(g) (Title II) provides as follows:

> Any individual, after any final decision of the Commissioner . . . made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner . . . may allow.

42 U.S.C. § 405(g).

3

provided under the Social Security Act as a jurisdiction prerequisite"). To obtain a judicially reviewable "final decision" regarding entitlement to benefits, the plaintiff must complete an administrative review process within a specific time. 20 C.F.R. §§ 404.900(a), 416.1400(a); *see generally Califano v. Sanders*, 430 U.S. 99, 101 (1977) (articulating general procedures). The administrative process consists of four steps: (1) initial determination, (2) reconsideration, (3) hearing before an administrative law judge, and (4) Appeals Council review. *Id.* §§ 404.900 (a)(1-4), 416.1400(a)(1-4). Proceeding through these stages exhausts the plaintiff's administrative remedies. Only upon completion of these steps may the plaintiff then seek judicial review by filing an action in a federal district court. *Id.* §§ 404.900(a)(5), 416.1400(a)(5). Throughout the administrative review process, the onus is on the plaintiff to request the next administrative step. *Id.* §§ 404.900(a)(1-4), 416.1400(a)(1-4).

As discussed above, if a plaintiff is dissatisfied with the ALJ's hearing decision, the plaintiff may request that the Appeals Council review the decision. 20 C.F.R. §§ 404.967, 416.1467. If a plaintiff does not request such review within sixty days, the adverse ALJ decision is binding. 20 C.F.R. §§ 404.955(a), 416.1455(a), 404.968(a)(1), 416.1468; 42 U.S.C. § 405(g). The Appeals Council may deny the request for review and allow the ALJ's decision to stand as the final decision of the Commissioner. 20 C.F.R. §§ 404.981, 416.1481. The Appeals Council may also grant the request for review and issue its own decision. *Id.* In either event, the plaintiff may then seek judicial review of the Commissioner's final decision by filing an action in federal district court within sixty days after receiving notice of the Appeals Council's action. *Id.*; *see also* 20 C.F.R. § 422.210.

The first issue the court must address is whether the refusal by the Appeals Council to consider Plaintiff's untimely request for review constitutes a final decision by the Commissioner on

4

the merits of her disability claim. The Fourth Circuit has held that "refusal to review for failure to file a timely request [does] not constitute a final decision by the [Commissioner]." *Adams v. Heckler*, 799 F.2d 131, 133 (4th Cir. 1986). Here, the undisputed evidence is that Plaintiff did not timely request that the Appeals Council review the ALJ's decision. Thus, a judicially reviewable final decision was not rendered by the Commissioner. *Id.* Accordingly, Plaintiff has failed to carry her burden in demonstrating that the court has subject matter jurisdiction pursuant to 42 U.S.C. § 405(g). *See Mathews*, 424 U.S. at 327 (holding that the exhaustion of administrative remedies provided for by the Social Security Act is a "jurisdictional prerequisite" for judicial review by a district court).

Moreover, the Commissioner's discretionary refusal to find good cause for Plaintiff's untimely request for Appeals Council review is not subject to judicial review. *Adams*, 799 F.2d at 133; *see also Dillow v. Sullivan*, No. 91-2543, 952 F.2d 1396, 1992 U.S. App. LEXIS 593, at *4, 1992 WL 6810, at *1 (4th Cir. Jan. 21, 1992). The Commissioner's regulations explicitly provide that a denial of a request to extend the time period for requesting review of a determination or decision is an administrative action that is not subject to judicial review. 20 C.F.R. §§ 404.903(j), 416.1403(a)(8).

In addition, the doctrine of equitable tolling is not applicable under the circumstances of this case. Here, Plaintiff failed to file her appeal within the applicable time period because her counsel mistakenly filed the ALJ's decision in another client's file. In the Fourth Circuit, equitable tolling is only available when "extraordinary circumstances beyond [the plaintiff's] control prevented him from complying with the statutory time limit." *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000). In this regard, the Fourth Circuit considers the actions of a plaintiff's counsel attributable to

5

the plaintiff, and thus, not "circumstances external to the party's own conduct." *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003) (quoting *Harris*, 209 F.3d at 330); *see also Johnson v. Astrue*, No. 3:09-CV-46, 2010 U.S. Dist LEXIS 56457, at *7, 2010 WL 2365527, at *3 (N.D.W.Va. June 8, 2010) (finding that the unfamiliarity of plaintiff's counsel with electronic filing was insufficient to remove this case from the garden variety of attorney error or neglect cases, which courts generally hold are inappropriate for equitable tolling). As stated by the Supreme Court, "[t]he principles of equitable tolling . . . do not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Applying this definitional framework to the circumstances of this case, this court does not find that Plaintiff's proffered reason for failing to file a timely appeal within the administrative appeals process is sufficient to invoke the doctrine of equitable tolling.

Finally, Plaintiff's failure to exhaust her administrative remedies should not be excused in this case. *See Bowen v. City of New York*, 476 U.S. 467, 481-85 (1986). Such a failure may be excused when (1) the claim is collateral to the claim for benefits; (2) the plaintiff would be irreparably harmed, and (3) relief is consistent with the policies underlying the exhaustion requirement. *Id.* at 481-85 (exhaustion of administrative remedies waived where plaintiffs' claims were collateral to benefits claims, exhaustion could result in the triggering of a "medical setback" for Plaintiffs and Plaintiffs would not be required to exhaust administrative remedies in order to receive the procedure they should have received in the first place but for an illegal internal SSA policy to systematically deny benefits to claimants); *Hyatt v. Heckler*, 807 F.2d 376, 378 (4th Cir. 1986); *see Knox v. Comm'r of SSA*, No. 5:08-CV-572-FL, 2009 U.S. Dist LEXIS 113323, at *3, 2008 WL 4545168, at *1 (E.D.N.C. Dec. 4, 2009). A failure to exhaust administrative remedies may

6

also be excused where "the plaintiff asserts a 'colorable' constitutional claim that is 'collateral' to the merits." *Varandani v. Bowen*, 824 F.2d 307, 310 (4th Cir. 1987) (citing *Mathews*, 424 U.S. at 330-31); *Knox*, 2009 U.S. Dist LEXIS 113323, at *3, 2008 WL 4545168, at *1.

In this case, Plaintiff's complaint is not collateral to her administrative claim as she seeks restoration of her SSI and DIB benefits. Moreover, the factors present in *Bowen*, most notably the promulgation of an illegal internal policy by the SSA designed to systematically deny benefits to plaintiffs, is not present before this Court. Rather, construing her claim liberally, Plaintiff merely alleges that she failed to follow administrative requirements. Additionally, Plaintiff has asserted no colorable constitutional claim. Accordingly, Plaintiff has not demonstrated exceptional circumstances to justify waiving her failure to exhaust her administrative remedies.

## IV. CONCLUSION

For the foregoing reasons, this court recommends that Defendant's motion to dismiss [DE-14] for lack of subject matter jurisdiction be ALLOWED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted, the 27th day of September, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge

7